HEATHER S. WHITE (7674)
DANI CEPERNICH (14051)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000
Fax No.:  (801) 363-0400
E-mail:   hsw@scmlaw.com
          dnc@scmlaw.com
*Attorneys for Defendants Todd Anderson,
Stanley Robison, Barbara Clark, Gayle Bunker*

IN THE UNITED STATES DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEPHEN LAWRENCE DEAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TODD F. ANDERSON; COREY THOMAS; RHETT KIMBALL; ROBERT DEKKER; STANLEY K. ROBISON; BARBARA CLARK; FNU KIMBALL, BAILIFF; ROBERT DROUBAY; GAYLE K. BUNKER; NANNETTE ROLFE; JOHN DOES I-X,<br><br>　　　　Defendants. | **DELTA DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br><br>Civil No. 2:15-CV-00151<br><br><br><br>Judge Bruce S. Jenkins |

　　　　Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Todd

Anderson, Judge Stanley Robison, Barbara Clark and Mayor Gayle Bunker (collectively, the

Delta Defendants), submit this Motion to Dismiss and Memorandum in Support.[1]

---

[1] Mr. Dean mailed a copy of the Complaint without a summons to the Delta Defendants.  This constitutes insufficient process and insufficient service of process.  *See* Fed. R. Civ. P. 4(a), (c), and (e).  However, the Delta Defendants recognize that because Mr. Dean has been allowed to

**RELIEF REQUESTED**

Mr. Dean's Complaint should be dismissed under Rule 12(b)(6) for several reasons. First, Mr. Anderson, Judge Robison, and Ms. Clark are entitled to absolute immunity. Second, Mr. Dean's Complaint fails to give the Delta Defendants fair notice of the basis of the claims against them, as required by Rule 8. Third, with regard to Ms. Clark and Mayor Bunker, Mr. Dean has not alleged any personal involvement on their part that would subject them to liability under 42 U.S.C. § 1983. Finally, Mr. Dean's claims are barred by *Heck v. Humphrey* because his criminal conviction has not been overturned or set aside.

**INTRODUCTION**

Plaintiff Stephen Lawrence Dean, proceeding *pro se*, has asserted claims under 42 U.S.C. § 1983 against the Delta Defendants and several Millard County employees stemming from his criminal conviction for possession of less than one ounce of marijuana in violation of Utah Code Section 58-37-8(2)(D) and use or possession of drug paraphernalia in violation of Utah Code Section 58-37a-5(1)(a). (*See* Ex. 6 to Compl. [Dkt. No. 3-6].) Mr. Anderson was the City Prosecutor on the case, Judge Robison was the presiding judge, and Ms. Clark was the court clerk. (*See id.*) Mr. Dean has not alleged what role, if any, Mayor Bunker played in his criminal case.

---

proceed *in forma pauperis* (Dkt. No. 2), he was not required to serve process, but rather could rely on the Court to do so. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff."). The Delta Defendants accordingly accept Mr. Dean's mailing of the Complaint as having effected service, and have chosen not to move to dismiss or quash service under Rule 12(b)(4) or (5).

The precise nature of Mr. Dean's claims against the Delta Defendants is less than clear. It appears Mr. Dean has claimed that Mr. Anderson lacked probable cause to prosecute Mr. Dean because of his "Native American Medicine Man credentials" (Compl. ¶ 24); that there were procedural irregularities with his criminal proceeding (*id.* ¶¶ 25, 30, 26, 31); that he was entitled to a trial by jury (*id.* ¶¶ 26-27, 31); and that the Justice Court lacked jurisdiction (*id.* ¶¶ 32-32). As a prosecutor, judge, and clerk, Mr. Anderson, Judge Robison, and Ms. Clark are each entitled to absolute immunity from such claims.  As such, Mr. Dean's claims against them should be dismissed with prejudice.  While Mayor Bunker is not entitled to the same immunity, there are simply no allegations in the Complaint to support the requisite level of personal involvement for a § 1983 claim against her.

Even if dismissal were not proper on these bases, Mr. Dean's Complaint fails to meet the requirement of Rule 8 that it put the defendants on fair notice of the claims against them and the bases of those claims.  Mr. Dean's Complaint contains no factual allegations regarding Ms. Clark's or Mayor Bunker's involvement in his criminal proceeding.  And, the few allegations regarding Mr. Anderson and Judge Robison do not sufficiently identify what conduct Mr. Dean believes violated his constitutional rights.

Mr. Dean's claims against the Delta Defendants must be dismissed for the additional reason that they are barred by *Heck v. Humphrey*.  Mr. Dean has appealed his conviction to the Fourth District Court.  A true and correct copy of the docket for that case is attached as Exhibit A.  A trial is currently set for May 6, 2015.  Unless Mr. Dean is acquitted in that case or ultimately has his conviction reversed or set aside, the Supreme Court's holding in *Heck v. Humphrey* makes clear that Mr. Dean cannot proceed with any claims under § 1983 that would

call into question and possibly invalidate his conviction. His claims in the present case do just that.

For the reasons set forth below, the Delta Defendants request that the Court dismiss Mr. Dean's claims against Mr. Anderson, Judge Robison, and Ms. Clark with prejudice on the basis of absolute immunity, and dismiss the claim against Mayor Bunker for failure to identify any personal involvement in this matter. In the alternative, the Delta Defendants request that the Court dismiss Mr. Dean's claims without prejudice with the understanding that Mr. Dean may not refile his Complaint unless and until his criminal conviction has been reversed or set aside, as required by *Heck v. Humphrey*.

## ARGUMENT

### I. MR. ANDERSON, JUDGE ROBISON, AND MS. CLARK ARE IMMUNE FROM SUIT.

"The Supreme Court has recognized the defense of absolute immunity from civil rights suits in several well-established contexts involving the judicial process." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). "A judge acting in his judicial capacity is absolutely immune from such suits, unless the judge acts clearly without any colorable claim of jurisdiction." *Id.* "A prosecutor is absolutely immune for activities which are intimately associated with the judicial process such as initiating and pursuing a criminal prosecution." *Id.* (internal quotation marks omitted). And, clerks of court are absolutely immune for "performing quasijudicial duties" and "acting under the command of a court decree or explicit instructions from a judge." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1191 (10th Cir. 2008) (internal quotation marks omitted); *see also Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1247 (10th

Cir. 2007) ("[W]hen a court clerk assists a court or a judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative immunity.").

>   The Tenth Circuit has explained,
>
>   The rationale for according absolute immunity in the civil rights context is to incorporate traditional common law immunities and to allow functionaries in the judicial system the latitude to perform their tasks absent the threat of retaliatory § 1983 litigation. Because the judicial system often resolves disputes that the parties cannot, the system portends conflict. Win or lose, a party may seek to litigate the constitutionality of circumstances which required him to endure a lawsuit or suffer defeat. Such suits by dissatisfied parties might target judges, prosecutors and witnesses. Though such suits might be satisfying personally for a plaintiff, they could jeopardize the judicial system's ability to function.

Snell, 920 F.2d at 686-87 (internal citations omitted). Courts have recognized that "[a]bsolute immunity has its costs because those with valid claims against dishonest or malicious government officials are denied relief." Id. However, the Supreme Court "has determined that the smooth functioning of the judicial system takes precedence over those meritorious claims which will be foreclosed by granting absolute immunity." Id.

Mr. Dean's claims against Mr. Anderson, Judge Robison, and Ms. Clark involve only actions for which those Defendants are entitled to absolute immunity. Although it is difficult to discern the precise conduct Mr. Dean complains of, it appears that his claim against Mr. Anderson involves Mr. Anderson's decision to prosecute Mr. Dean. It is well established that the decision to prosecute, even in the absence of probable cause, is entitled to absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Becker v. Kroll, 494 F.3d 904, 925 (10th Cir. 2007) ("This immunity applies even if the prosecutor files charges knowing he lacks probable cause.").

It appears that Mr. Dean's claim against Judge Robison is based on Judge Robison's denial of Mr. Dean's demand for a jury trial and that Judge Robison proceeded with a bench trial, as a result of which Mr. Dean was convicted. However, "[t]here are only two exceptions to th[e] rule" that judges are immune from suits for money damages: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." Stein, 520 F.3d at 1195 (internal quotation marks omitted). Neither applies here. Judge Robison's actions while presiding over Mr. Dean's criminal case were clearly taken within his judicial capacity. And, this case does not involve a "complete absence of all jurisdiction." Id. Utah Code Section 78A-7-106 vests justice courts with jurisdiction over class B and C misdemeanors. Utah Code Ann. § 78A-7-106(1). Mr. Dean was charged with two class B misdemeanors.[2]

Finally, Mr. Dean's Complaint does not contain any allegations specific to Ms. Clark. As discussed below, this failure in itself requires dismissal. However, it appears that any complaint Mr. Dean has regarding Ms. Clark's actions is limited to her performance of quasijudicial duties

---

[2] Mr. Dean appears to believe that jurisdiction was lacking for several reasons: (1) only Article III courts have jurisdiction over all cases; (2) his criminal case did not involve an injured party, which presumably is a misplaced reliance on standing requirements; and (3) he is a "Trust" over which the court has no jurisdiction. (*See* Ex. 4 to Compl. [Dkt. No. 3-4].) None of these arguments give rise to the "complete absence of all jurisdiction" that would defeat a judge's absolute immunity. The Supreme Court has provided the following illustration to explain the difference between acting with a complete absence of all jurisdiction and acting in excess of jurisdiction:
> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump v. Sparkman, 435 U.S. 349, 357 n. 7 (1978).

or acts taken at the direction of Judge Robison.  These are acts for which she is entitled to absolute immunity.  See Stein, 520 F.3d at 1191.

Because Mr. Anderson, Judge Robison, and Ms. Clark are entitled to absolute immunity, all claims against them should be dismissed with prejudice.

## II. MR. DEAN'S COMPLAINT FAILS TO MEET THE NOTICE PLEADING REQUIREMENT OF RULE 8.

"Fair notice under Rule 8(a)(2) depends on the type of case." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008).  "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities." Id.  "Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Id. (emphasis in original).  Mr. Dean's Complaint fails to meet this requirement.

His Complaint contains no allegations specific to Ms. Clark or Mayor Bunker.  Aside from the identification of them in Paragraphs 14 and 18, they are mentioned only in Paragraph 20, which provides, "By Law, Article IV Section 10 of the Utah Constitution, Defendants . . . have been required by Oath or affirmation, to support and defend Plaintiff's Constitutional rights when or where they claim to have jurisdiction over or official duties with the Plaintiff."  (Compl. ¶ 20 (listing all Defendants).)

The Complaint offers little more specificity for Mr. Anderson and Judge Robison.  The only allegation specific to Mr. Anderson is that Mr. Dean "served Jessica Anderson an Affidavit/Declaration of Truth document on July 11, 2014 to give to Defendant Todd F. Anderson" but that "document has not been rebutted to this day."  (Compl. ¶ 29.)  The only

allegations specific to Judge Robison are that he "denied the Plaintiff's demand for a Trial by Jury . . . and proceeded in conducting a Bench Trial," and that Mr. Dean requested during his criminal proceeding that Judge Robison, "the rouge tyrant Judge" be arrested for "usurping" jurisdiction over Mr. Dean and failing to honor his oath of office. (Compl. ¶¶ 28, 32.) These allegations, even when taken with the remaining allegations of the Complaint, fail to put the Delta Defendants on fair notice of the basis of the claims against them.

### III.  THERE ARE NO ALLEGATIONS OF ANY PERSONAL INVOLVEMENT BY MS. CLARK OR MAYOR BUNKER.

It is well settled "that individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (internal quotation marks and brackets omitted). Again, Mr. Dean's Complaint contains no allegations specific to Ms. Clark and Mayor Bunker. In addition to failing to provide fair notice of the basis for the claims against them, Mr. Dean's Complaint fails to satisfy the personal involvement requirement of a § 1983 claim with regard to Ms. Clark and Mayor Bunker. As a result, any claims Mr. Dean has asserted against Ms. Clark and Mayor Bunker fail as a matter of law to state a claim upon which relief could be granted.

### IV.  MR. DEAN'S CLAIMS ARE BARRED BY *HECK V. HUMPHRY*.

In *Heck v. Humphry*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or . . . for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. "A

claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

Although the precise nature of the claims against the Delta Defendants is less than clear, it appears that they call into question the validity of Mr. Dean's conviction. For instance, it appears Mr. Dean argues that there wasn't probable cause to support the charges against him in light of his "Native American Medicine Man credentials" (Compl. ¶ 24); that there were procedural irregularities with his criminal proceeding (*id.* ¶¶ 25, 30, 26, 31); that he was entitled to a trial by jury (*id.* ¶¶ 26-27, 31); and that the Justice Court lacked jurisdiction (*id.* ¶¶ 32-32). These claims necessarily call into question the validity of Mr. Dean's conviction. *See Smith v. Idaho*, No. 2:08-CV-445 TC, 2009 WL 1940028, at *2 (D. Utah July 2, 2009) *aff'd*, 364 F. App'x 444 (10th Cir. 2010) ("Plaintiff's Complaint obviously seeks a determination that various aspects of his criminal prosecution, conviction and state appeals process were unconstitutional. Because Plaintiff's claims are inextricably linked to the validity of his conviction and confinement, based on *Heck*, they are not cognizable under § 1983 absent a showing that Plaintiff's conviction or confinement have previously been invalidated through proper channels.").

Here, there has been no termination of the criminal charges against Mr. Dean in his favor. Mr. Dean appealed his conviction to the Fourth District Court. A jury trial is currently scheduled for May 6, 2015. (Docket Sheet for Case No. 141700148 at 4, Ex. A.) Given that Mr. Dean has not yet had his conviction "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus," his claims against the Delta Defendants that would call into question his conviction are barred by *Heck*.[3]

## CONCLUSION

Mr. Anderson, Judge Robison, and Ms. Clark are entitled to absolute immunity. As such, the claims against them should be dismissed with prejudice.

Even if the Court determines that they are not entitled to absolute immunity, the claims against them should be dismissed for failure to provide fair notice under Rule 8 and as barred by *[Heck v. Humphrey.](#)* The same is true for the claims against Mayor Bunker. The claims against Mayor Bunker and Ms. Clark should be dismissed for the additional reason that Mr. Dean has not alleged any personal involvement on their part that would support [§ 1983](#) liability.

DATED this 8th day of April, 2015.

                                               SNOW, CHRISTENSEN & MARTINEAU

                                               /s/ Dani Cepernich
                                               Heather S. White
                                               Dani Cepernich
                                               *Attorneys for Defendants Todd Anderson,*
                                               *Stanley Robison, Barbara Clark, Gayle Bunker*

---

[3] It does not appear that Mr. Dean has asserted any claims against the Delta Defendants that would *not* call into question his criminal conviction.

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2015, I electronically filed the foregoing

**DELTA DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

>   Stephen Lawrence Dean *(via U.S. Mail)*
>   449 East Williams Avenue
>   Salt Lake City, Utah 84111
>   Pro Se

/s/ Linda St. John

3193748